IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK J. CLAY, | : | |
|     Plaintiff | : | Civil Action No. 1:06-CV-1837 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JOEL GOOD, DAN MILLER, | : | |
| PAUL REDIFORE, and | : | |
| DAVE WOODRING | : | |
|     Defendants | : | |

## MEMORANDUM

Pending before the Court is Defendants' motion to dismiss part of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e).[1] (Doc. No. 6.) The parties have fully briefed the issues (Doc. Nos. 7, 9, 11), and the motion is ripe for disposition. For the following reasons, the Court will grant the motion.

**I.     BACKGROUND**

On September 24, 2004, Officer Joel Good arrested Plaintiff Patrick Clay. (Compl. ¶ 9.) While taking Clay into custody, Officer Good placed handcuffs on Clay's wrists for approximately two hours. (Compl. ¶ 10.) According to Clay, Officer Good intentionally over-tightened the handcuffs despite Clay's protestations of severe pain and discomfort. (Compl. ¶¶ 9-11.) As a result, Clay's function of his left wrist and hand have been impaired. (Compl. ¶ 11.)

The remainder of Clay's allegations are found in paragraph 12 of his complaint, which

---

[1] Defendant Woodring did not join in the instant motion. When Defendants Good, Miller, and Redifore, filed the instant motion, Woodring had not yet returned a waiver of service and no attorney had entered a notice of appearance on his behalf. Woodring subsequently filed an answer to the complaint. (Doc. No. 8.)

the Court will reprint in full:

> On or about 2005-2006 the defendants harassed and intimidated the plaintiff in the following particulars:
>
> a. On or about August 10, 2005 local police, led by the defendant Miller, came to plaintiff's home saying they "needed to check I.D.s". In reality Miller was there attempting to pump the plaintiff for information so that we [sic] police could use him as a confidential informant.
>
> b. On or about July 2005 plaintiff's automobile was damaged by one Albert Wilson. When the plaintiff attempted to file charges he was refused. Upon information and belief the defendant Redifore was responsible.
>
> c. On or about December 2005 plaintiff attempted to file charges against another person for stolen checks and credit cards. The York Area Regional Police took the plaintiff's evidence (which was irrefutable) but have not contacted him since.
>
> d. On or about January 2006 Officer Shollenberger called plaintiff's 10-year-old son Steven, on Steven's cell phone, and interrogated him about a stun gun. On or about January 15, 2006 the defendant Miller contacted plaintiff on his cell phone soliciting him to make drug buys. Plaintiff refused. On January 17, 2006 Mr. Good issued plaintiff a ticket for driving on a suspended license. All of this was done as a way to intimidate plaintiff into making drug buys for the police.
>
> f. [sic] Plaintiff then personally complained to Lt. Redifore on or about March 17, 2006, but Redifore ratified Shollenberger's actions even though Shollenberger contacted neither the plaintiff nor Steven's mother as per the requirements of state law. When plaintiff had finished voicing his concerns Lt. Redifore asked the plaintiff who his "probation officer" was.
>
> e. [sic] Later that same day (March 17, 2006), the defendant Woodring, the plaintiff's probation officer, came to defendant's house with five other probation officers and a local police officer. When Woodring entered plaintiff's home he said "I heard your meeting didn't go well with the Lieutenant" (meaning Lt. Redifore). Plaintiff's home was then searched at the direction of, and under the supervision of, Mr. Woodring. Nothing was found.

(Compl. ¶ 12.)

These allegations amount to the following vignettes: (1) Defendant Miller asked Plaintiff for ID at Plaintiff's home in an effort to "pump" him for information; (2) Defendant Redifore refused to allow Plaintiff to press charges for a pair of incidents; (3) nonparty Schollenberger contacted Plaintiff's ten-year-old son about a stun gun, Defendant Miller attempted to solicit Plaintiff into purchasing drugs, and (presumably) when Plaintiff refused, Defendant Good issued a citation to Plaintiff for driving with a suspended license; (4) Defendant Redifore ignored Plaintiff's police-misconduct complaints, and instead asked Plaintiff for the name of his probation officer; (5) Defendant Woodring, Plaintiff's probation officer, searched Plaintiff's home. (Compl. ¶ 12).

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). A court must "examine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Hill v. Borough of Kutztown, 455 F.3d 225, 233 (3d Cir. 2006) (quoting Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006)). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Rather, a court must only determine "whether the claimant is entitled to offer evidence to support the claims." Pennsylvania Psychiatric Soc. v. Green Spring

Health Servs., Inc., 280 F.3d 278, 283 (3d Cir. 2002) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)).

### III.  DISCUSSION

Defendants do not dispute that Plaintiff has stated an actionable claim with regard to Defendant Good's use of allegedly "excessive force" during the arrest of Plaintiff.[2]  Rather, Defendants argue that the remainder of Plaintiff's complaint is without merit.  The Court agrees.

Plaintiff styles the bulk of his complaint as arising under the Equal Protection Clause of the Fourteenth Amendment: "Plaintiff has a federally guaranteed right [under the Fourteenth Amendment] not to be treated differently for refusing to perform as a confidential informant for government drug agents."  (Compl. ¶ 7).  Plaintiff also alleges that Defendant Miller violated his Fourth Amendment rights by attempting to recruit Plaintiff as a confidential informant.  The Court will address these claims in turn.

### A.  Plaintiff's "Class of One" Equal Protection Claims against Defendants Good, Miller, and Redifore

In his brief in opposition to Defendants' motion to dismiss, Plaintiff asserts that "he was treated differently than other members of the general public."  (Doc. No. 9, at 6.)  In Village of Willowbrook v. Olech, the Supreme Court acknowledged that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  528 U.S. 562, 564 (2000).  However, to succeed on a "class of one" theory, a plaintiff must allege more than his status as an individual.  The

---

[2] The Court also will not address paragraph 12(f) because Defendant Woodring did not join in the instant motion.

Third Circuit has cautioned that it "do[es] not view an equal protection claim as a device to dilute the stringent requirements needed to show a substantive due process violation. It may be very unlikely that a claim that fails the substantive due process test will survive under an equal protection approach." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 287 (3d Cir. 2004). Rather, the Third Circuit has held that "at the very least, to state a claim under [a "class of one"] theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 240 (3d Cir. 2006).

Here, Plaintiff has not met his burden. For example, Plaintiff's assertion that he was treated differently from members of the general public does not amount to an allegation that he was treated differently from others similarly situated. At best, Plaintiff asserts that he has a right "not to be treated differently for refusing to perform as a confidential informant for government drug agents." (Compl. ¶ 7.) But again, Plaintiff's bare assertions that someone damaged his automobile, that someone stole checks and credit cards from him, that Defendant Miller solicited Plaintiff to purchase drugs, that Defendant Good pulled Plaintiff over for traffic violations, and that Defendant Redifore then turned a blind eye to these events, are not sufficient to show an equal protection violation. And even if they were, Plaintiff has not alleged that Defendants treated another person any better, worse, or in any other way different from him. Contra Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2004) (holding that "the District Court is still obligated to consider whether the prison had a rational basis for denying Jackson's diet because he is a vegetarian"). Given that Plaintiff has not indicated that Defendants' mistreatment was unique to him, Plaintiff cannot meet his burden of showing that the Defendants had a rational

basis for their actions; without defining a class, it is quite difficult to show that the justifications for the classification are irrational or arbitrary. Accordingly, Plaintiff has not stated a claim under the Equal Protection Clause of the Fourteenth Amendment.

### B.     Plaintiff's Fourth Amendment Claims against Defendant Miller

In paragraph 12 of the complaint, Plaintiff alleges that Officer Miller violated Plaintiff's Fourth Amendment rights while attempting to recruit him as a confidential informant. Specifically, Plaintiff alleges that on August 10, 2005, Miller and other unidentified officers "came to plaintiff's home saying they 'needed to check I.D.s,' [in an attempt] to pump the plaintiff for information so that we [sic] police could use him as a confidential informant" (Compl. ¶ 12(a)), and on January 15, 2006, Miller "contacted plaintiff on his cell phone soliciting him to make drug buys" (Compl. ¶ 12(d)). Plaintiff does not allege that Miller conducted an improper search of Plaintiff's person, and simply coming to Plaintiff's home to ask for identification does not equate to a Fourth Amendment violation. Estate of Smith v. Marasco, 318 F.3d 497, 519-21 (3d Cir. 2003).[3] These allegations, even when read liberally, do not support a Fourth Amendment claim. Thus, all claims against Defendant Miller will be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss. The Court will dismiss Plaintiff's complaint in full as against Defendants Miller and Redifore, and will

---

[3] Although the Third Circuit's holding in Estate of Smith related to the right of officers to enter the curtilage of a home after knocking on the front door, the court indicated that "Officers are allowed to knock on a residence's door or otherwise approach the residence seeking to speak to the inhabitants just as any private citizen may." 318 F.3d at 519.

dismiss Plaintiff's complaint against Defendant Good, except as to the excessive-force claims alleged in paragraph 11.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK J. CLAY, | : | |
|     Plaintiff | : | Civil Action No. 1:06-CV-1837 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JOEL GOOD, DAN MILLER, | : | |
| PAUL REDIFORE, and | : | |
| DAVE WOODRING | : | |
|     Defendants | : | |

**ORDER**

**AND NOW**, on this 11th day of January, 2007, upon consideration of the Court of the arguments set forth in the briefs and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED** as follows:

(1) Plaintiff's complaint is dismissed in its entirety against Defendants Redifore and Miller; and,

(2) Plaintiff's complaint is dismissed against Defendant Good, except as to the excessive-force claims set forth in paragraph 11 of the complaint.

**IT IS FURTHER ORDERED** that judgment will be deferred until conclusion of this case.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania